ERIC A. BERG (#121195)
SAMUEL C. WILLIAMS, of counsel (#310420)
The Law Offices of Eric Alan Berg & Associates, Inc.
5000 Bechelli Lane, Suite 201
Redding, CA 96002
(530) 223-5100
Fax: (530) 223-5200

Attorney for RONALD EVANS,
Plaintiff.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVANS,<br><br>          Plaintiff,<br>     vs.<br><br>COUNTY OF TRINITY, a municipal corporation;<br>COLLEEN MURRAY, and<br>DOES 1-10;<br><br>          Defendants. | No.: **2:18−CV−00083−TLN−CMK**<br><br>First Amended Complaint for Deprivation of Rights Under Color of State Law [42 U.S.C.S §1983; Monell]<br><br>Demand for Jury Trial |

**First Amended Complaint for Deprivation of Rights Under Color of State Law**

**A. Jurisdiction**

1. This court has jurisdiction under 28 U.S.C.S. §1343 to hear the constitutional claims raised herein.

**B. Venue**

2. The claims alleged herein arose in Trinity County, State of California. Trinity County is within the Eastern District of California. Therefore venue for this case properly lies in the United Stated District Court for the Eastern District of California pursuant to 28 USCS §1390.

3. This court is the proper venue pursuant to 28 USCS 1391 (b)(1) because the Plaintiffs are informed and believe that all defendants reside in Trinity County. Defendants Trinity County and Trinity County Sheriff are Trinity County entities.

4. This court is the proper venue pursuant to 28 USCS 1391 (b)(2) because all or a substantial part of the events or omissions giving rise to the claim occurred, and all of the property that is the subject of the action is situated within Trinity County.

**C. Preliminary Statement**

5. Here, the plaintiff was arrested when ten (10) pounds of medical marijuana that was found in his car and confiscated.

6. Plaintiff plead guilty to an unrelated violation of the vehicle code.

7. Plaintiff established that he lawfully possessed the marijuana under California's medical marijuana laws.

8. On January 24, 2017, the Trinity County Superior Court ordered that Mr. Evans' marijuana be returned to him.

9. When the plaintiff attempted to get his marijuana back, the Trinity County Sheriff's Office, by and through its evidence technician, told the Plaintiff that his marijuana would not be returned, regardless of the order of the superior court.

10. In pursuance of the power conferred by the Constitution, the State of California has created a judicial branch of state government.

11. Due process of law requires that other branches of state government give deference to decisions of State judges where those judges have proper jurisdiction.

12. Determination of the rights of medical marijuana patients to possess marijuana in a county is within the jurisdiction of the California Superior Court of the county where the marijuana is possessed.

13. Everyone connected with the refusal to return the marijuana pursuant to the proper order of the state judge is a public servant of the State of California amenable to the jurisdiction which the state has created for their government,

14. The force and power of the Superior Court is a vital principle, underlying the whole administration of our current form of government.

15. Plaintiff brings this action to compel the return of his property or for damages in money.

### D. Parties

16. Plaintiff, Ronald Evans, is a natural citizen of the United States and Trinity County.

17. Defendant, COUNTY OF TRINITY, at all times material to the events complained of herein, was a municipal corporation within the State of California.

18. Defendant Colleen Murray, at all times material to the events complained of herein, is a Deputy District Attorney employed by the Trinity County District Attorney's Office.

19. At all times material to the events complained of herein, every defendant, and each of them, was an agent of each of the other Defendants named herein.

20. At all times herein mentioned, each of the Defendants were the agents/or employees of each of the remaining Defendants and in doing the things mentioned herein were acting within the scope of said agency and/or employment.

21. At all times herein mentioned, California Government Code Section 815.2(a) provided: A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative. The conduct of the individual defendants hereinafter alleged occurred while they were on duty in and during the course and scope of their normal duties and functions and

First Amended Complaint for Deprivation of Rights Under Color of State Law

while they were acting as agents, officers, servants and/or employees of Defendant COUNTY OF TRINITY.  As a result, COUNTY OF TRINITY is therefore vicariously liable for the acts and/or omissions of the individual Defendants herein.

22. DOES 1-10 are parties whose identities are not known to the defendant at the time of filing this complaint.

### E. Qualified Immunity

23. In 1976, the Supreme Court held in Imbler v. Pachtman that prosecutors have absolute immunity from liability for their official actions during trial.  That conclusion rested largely on policy reasons: the Court emphasized that prosecutors must be able to pursue criminals with "courage and independence," and without worrying about the threat of lawsuits. However, constitutional torts that occur during investigation only provide the prosecution with qualified immunity. Burns v. Reed (1991) 500 U.S. 478.

24. In the instant case, once the judge finally disposed of the criminal case, the prosecutor's role was finished. The defendant was sentenced. The case was closed. The prosecutor walked out of the courtroom. It was only after the duties traditionally associated with the prosecution function were completed that defendant COLEEN MURRAY attempted to defeat the judge's order.

25. There is no public policy that would encourage a prosecutor to disregard a judge's ruling.

26.

### F. Factual Allegations

27. Trinity County Superior Court Judge Elizabeth W. Johnson ordered that 10 pounds of marijuana be returned to Ronald Evans, the plaintiff in this action, in the minute order of court proceedings held on January 24, 2017.

28. On January 24, 2017, Plaintiff, Ronald Evans, signed an Order Granting Probation that ordered, inter alia, "Return confiscated marijuana (10 pounds) to defendant." The Order directing the return of the medical marijuana was signed by Judge Elizabeth W. Johnson.

29. Defendant, Deputy District Attorney Colleen Murray was present when the court ordered the return of the plaintiff's property.

30. Defendant COUNTY OF TRINITY is embroiled in a political contest concerning marijuana. Trinity County voters were nearly evenly split concerning the legalization of recreation cannabis pursuant to Proposition 64. In Trinity County's Medical Marijuana Cultivation Ordinance, code section 17.42.10 provides that the stated Purposes and Intent of the ordinance include:

> In recent years, Trinity County has seen a proliferation of large marijuana cultivation operations that falsely claim to be conducted in accordance with Proposition 215 and the MMPA. These operations grow marijuana not just for individuals living on the property where the marijuana is grown, but for numerous others—sometimes hundreds of persons—many of whom do not live in Trinity County, and whose status as qualified patients or primary caregivers is questionable.

31. Plaintiff is informed and believes that Defendant COUNTY OF TRINITY has a policy of refusing to return marijuana to parties when ordered to do so by the Trinity County Superior Court. . In this case, the COUNTY OF TRINITY either acted as a final policy maker to determine that marijuana would not be returned, or the COUNTY OF TRINITY approved the decision of subordinates that the marijuana would not be returned.

32. Plaintiff is informed and believes that the Trinity County *Sheriff's Department* has a policy of refusing to return marijuana to parties when ordered to do so by the Trinity County Superior Court.

33. Plaintiff is informed and believes that the Trinity County *District Attorney's Office* has a policy of refusing to return marijuana to parties when ordered to do so by the Trinity County Superior Court.

34. Plaintiff is informed and believes that Defendant, Deputy District Attorney Colleen Murray, directed the evidence technician not to return Mr. Evans' medical marijuana after Judge Johnson ordered the plaintiff's property returned.

35. In this case, the COUNTY OF TRINITY either acted as a final policy maker to determine that marijuana would not be returned, or the COUNTY OF TRINITY approved the decision of subordinates that the marijuana would not be returned.

36. Plaintiff presented the minute order memorializing the judge's ruling that the 10 pounds of medical marijuana be returned to the patient to an unknown evidence technician, sued as a DOE defendant herein (Hereinafter "Evidence Technician"). The Evidence Technician told the plaintiff that Trinity County did not return marijuana and would not return his marijuana to him.

37. Colleen Murray told the plaintiff that Trinity County would not return his marijuana.

38. Defendant Colleen Murray was, at all times relevant herein, a deputy district attorney for the COUNTY OF TRINITY. Because of additional legal education, deputy district attorneys fill leadership role with respect to law enforcement. The sheriff's office is likely to defer to a deputy district attorney's interpretation of rules and county policies. In this case, Colleen Murray either acted as a final policy maker to determine that the marijuana would not be returned, or Colleen Murray approved the Evidence Technician's determination that the marijuana would not be returned. In ratifying the Evidence Technician's decision, Colleen Murray ratified her subordinate's decision and the basis for it. Both Colleen Murray and the Evidence Technician were willful participants in joint activity with the State and/or its agents.

39. The COUNTY OF TRINITY approved and ratified the conduct of Colleen Murray and the Evidence Technician by allowing marijuana abatement officers to regularly refuse to obey orders of the judge of the superior court. Both the District Attorneys Office and the Sheriff's Office are likely to defer to county policy. In ratifying the Evidence Technician's decision, Colleen Murray ratified her subordinate's decision and the basis for it. Both Colleen Murray and the Evidence Technician were willful participants in joint activity with the State and/or its agents.

40. After the being present while the court ordered the return of the plaintiff's property, and after the discussion with the sheriff referred to in the previous paragraphs, Defendant, Deputy District Attorney Colleen Murray, told the plaintiff that his property would not be returned to him.

41. Plaintiff then informed to the evidence technician that had physical control of the plaintiff's property that the judge ordered the return of his marijuana.

42. The evidence technician informed Mr. Evans that despite the order of the court, his marijuana would not be returned.

43. The sheriff's office, by and through the evidence technician, informed Mr. Evans that despite the order of the court, his marijuana would not be returned.

44. Defendant(s) sued herein in their individual capacity did the things herein alleged maliciously and oppressively.

45. Plaintiffs are therefore entitled to compensatory damages calculated at the current commercial rate for high grade marijuana at retail dispensaries.

46. Plaintiff is also entitled to exemplary and punitive damages.

G. Causes of Action

## FIRST CAUSE OF ACTION

[42 U.S.C.S. §1983; Monell]

47. Plaintiff incorporates by reference herein paragraphs 1-42 as though fully set forth herein.

48. Defendants COUNTY OF TRINITY, COLLEEN MURRAY, and the EVIDENCE TECHNICIAN are all persons for the purposes of a 42 U.S.C. 1983 action.

49. During all times relevant herein, Defendants COLLEEN MURRAY was employed by the COUNTY OF TRINITY as a deputy district attorney, where her job duties include prosecuting criminal cases like the traffic violation that resulted in the Plaintiff's arrest. The court disposed of the charges against the Plaintiff by accepting a plea of guilty to the traffic violation and finding the plaintiff was exempt from prosecution for the marijuana charges because the plaintiff is a qualified patient under proposition 215.

50. Defendant COUNTY OF TRINITY directly caused the constitutional violations suffered by Plaintiff and is liable for the damages suffered by Plaintiff as a result of the conduct of the individual defendants herein.  The conduct of the individual defendants was a direct consequence of policies and practices of Defendant COUNTY OF TRINITY.

51. At all times relevant to this complaint, Defendant COUNTY OF TRINITY, had in effect policies, practices, customs, and usages that:

   a. condoned and fostered the unconstitutional conduct of the individual defendants and were a direct and proximate cause of the damages and injuries complained of herein. The COUNTY OF TRINITY encourages its public actors to disregard the rights of medical marijuana patients by refusing to return marijuana that has been ordered returned by the superior court.

   b. encouraged and/or tacitly sanctioned the violation of individuals' following constitutional rights:

- 8 -
First Amended Complaint for Deprivation of Rights Under Color of State Law

      i.      To be free from unreasonable seizures from his person and effects, contrary to orders of the superior court with proper jurisdiction, adjudicating his rights to possess the things seized.

      ii.      To be free of deprivation of property without due process of law, afforded by orders of the superior court with proper jurisdiction, in violation of the Fifth Amendment to the United States Constitution, as incorporated and enforced against states under the Fourteenth Amendment to the United States Constitution;

      iii.      To be free of governmental taking of property without compensation, in violation of the takings clause of the Fifth Amendment of the United States Constitution, as incorporated and enforced against states under the Fourteenth Amendment to the United States Constitution; and

      iv.      To be free of deprivation of property without due process of law, as independently required by the Fourteenth Amendment of the United States Constitution.

46.    Defendant TRINITY COUNTY, took no steps to appropriately discipline, remediate, counsel, retrain or terminate the employment of, or otherwise correct the officers and employees with regard to the safe and appropriate use of law enforcement procedures regarding return of an individual's property. As a result, said Defendants, under color of law, approved or ratified such conduct, and maintained the custom and practice of deliberate indifference to unjustified, unreasonable and illegal deprivation of constitutional rights and other forms of unconstitutional conduct.

47.    Specifically, Defendant TRINITY COUNTY, has a policy of refusing to return marijuana to its lawful owner upon an order of the superior court.

48. Upon information and belief, Defendant TRINITY COUNTY, through the TRINITY COUNTY SHERIFF'S DEPARTMENT, and the individual defendants, planned and implemented a policy, practice, custom and usage of violating individuals' constitutional rights to equal protection under the law. Marijuana users, while they may have no property right in marijuana, do not check all of their constitutional rights at the door. Like murderers and rapists, marijuana users still enjoy free speech and a guarantee against unreasonable searches and seizures. It is these unalienable rights that the defendants want to take from the plaintiff. Said Defendants consciously disregarded the illegality and unconstitutionality of said activities.

49. As a result of the individual defendants' actions, and each of them, the plaintiff was also denied treatment of a serious illness. In causing deprivation of treatment, defendants cruelly subjected defendant to harm in a manner that was malicious, oppressive or in reckless disregard of the plaintiff's rights.

50. Defendants actions, and each of them, exhibited unnecessary harshness or severity, by misusing or abusing authority or power and by taking advantage of the disability and misfortune of the plaintiff.

51. As a direct and proximate result of the actions or omissions systematic flaws, policies and customs of said Defendants and the implementation of those polices through the individual defendants herein, Plaintiff was injured as a result of the above explained conduct in violation of his civil rights, causing him the damages set forth above.

### H. Demand for Jury Trial

52. The plaintiff in the above entitled action requests a trial by jury as provided by Amendment VII of the United States Constitution and by Rule 38 of the Federal Rules of Civil Procedure.

**I. Prayer**

53.     WHEREFORE, plaintiff requests judgment as follows:

    i.    That defendant(s), and each of them, be required to pay to plaintiff's compensatory damages of $64,000.00;

    ii.   That defendant(s), and each of them, be required to pay to plaintiff damages for pain and suffering, emotional distress, and humiliation;

    iii.  That defendant(s), and each of them, be required to pay to plaintiff exemplary and punitive damages in a sum the court determines to be fair and just;

    iv.   That defendant(s), and each of them, be required to pay to plaintiff the cost of suit herein incurred; and

    v.    That defendant(s), and each of them, be required to pay to plaintiff attorney's fees pursuant to Section 1988(b) of Title 42 of the United States Code;

    vi.   That plaintiff have such other and further relief as the court may deem proper.

Respectfully submitted,

DATED*: September 4 ,2019*

/S/Samuel C. Williams
The Law Offices of Berg & Associates, Inc.
Samuel C. Williams, of counsel
Attorneys for Plaintiff, Ronald Evans.