ERIC A. BERG (#121195)
SAMUEL C. WILLIAMS, of counsel (#310420)
The Law Offices of Eric Alan Berg & Associates, Inc.
5000 Bechelli Lane, Suite 201
Redding, CA 96002
(530) 223-5100
Fax: (530) 223-5200

Attorneys for Plaintiff,
Ronald Evans

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Evans,<br><br>Plaintiff,<br><br>vs<br><br>COUNTY OF TRINITY, a municipal corporation;<br>COLLEEN MURRAY, and<br>DOES 1-10;<br><br>Defendants. | Case Number: 2:18-cv-00083-TLN EFB<br><br>Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint<br><br>Date: December 5, 2019<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 15th Floor<br>Judge: Hon. Troy L. Nunley |

Plaintiff Ronald Evans was arrested in the County of Trinity, California, on or before January 24, 2017. Evans pled guilty to a violation of the California vehicle code. Ten pounds of medical marijuana, legal under California law, was seized without a warrant. In the criminal matter of People v. Ronald Evans, California Superior Court case no. 14F239A, Trinity County Superior Court orders provided that the marijuana was "to be returned to the defendant [Evans]." (Doc. 1, p. 11, Exh. A).

While it is true that Plaintiff Evans did not attempt to enforce the California court order in state court, the government did not appeal the judge's order requiring return of the medical marijuana. The time in which the government could have appealed the order of the Trinity County

Superior Court judge has long passed. No evidence is before this court to justify a tolling of the time to appeal. The Judge's order is therefore a final judgment.

On August 6, 2019, this Court dismissed the claims in the original complaint with leave to amend. The judge ruled that the Section 1983 claims in this lawsuit are limited because marijuana is contraband per se under federal law. However, the Controlled Substance Act (CSA) expressly does not occupy the field, leaving California to enact cannabis laws that do not positively conflict with the CSA.

**ARGUMENT**

**A. THE SECTION 1983 CLAIM SHOULD NOT BE DISMISSED BECAUSE FEDERAL LAW DOES NOT POSITIVELY CONFLICT WITH CALIFORNIA MEDICAL MARIJUANA LAW**

The County of Trinity asserts that Mr. Evans is misguided in his attempt here to secure a federal order for the "return of his property or for damages in money," as it is irrefutable that there is no federally protected legal interest in marijuana possession. "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal shall prevail." Gonzales v. Raich, 545 U.S. 1, 29 (2005).

While the right of Congress to make all laws which are necessary and proper to regulate commerce among the several states, including the power to prohibit local cultivation and use of marijuana in compliance with California law, it has not done so.

Trinity County, a county that issues commercial cannabis cultivation permits, relies on Gonzales v. Raich (2005) 545 U.S. 1 for the proposition that "The CSA designates marijuana as contraband for any purpose." The county's interpretation of Gonzales does a violence to the CSA. The incongruity between federal and state law has given rise to understandable confusion, but no legal conflict exists merely because state law and federal law treat marijuana differently. Indeed, California's medical marijuana laws have been challenged unsuccessfully in court on the ground

that they are preempted by the CSA. (County of San Diego v. San Diego NORML (July 31, 2008) --- Cal.Rptr.3d ---, 2008 WL 2930117.)

Congress expressly gave states the freedom to regulate in the area of controlled substances, including marijuana, as long as the state law does not positively conflict with the CSA. 21 U.S.C. § 903 provides:

> No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.

Neither Proposition 215, nor the MMP, conflict with the CSA because, in adopting these laws, California did not “legalize” medical marijuana, but instead exercised the state’s reserved powers to not punish certain marijuana offenses under state law when a physician has recommended its use to treat a serious medical condition. (See City of Garden Grove v. Superior Court (Kha) (2007) 157 Cal.App.4th 355, 371-373, 381-382.) Recently, Congress has decided not to provide funds for federal law enforcement to enforce cannabis laws where those laws comply with state medical marijuana laws.

Thus, this court should recognize that by not occupying the field, Congress left the State of California free to legalize medical marijuana.

This case is distinguishable from Barrios v. County of Tulare, 2014 U.S. Dist. LEXIS 71406, *16 (E.D. Cal. May 23, 2014). In Barrios, the plaintiff sued after an illegal search and seizure. The warrantless search in this case was legal. The police stored the cannabis in an evidence locker. Then the judge of the superior court ruled on the fate of the cannabis. In this case, the legality of the seizure of the cannabis is not in dispute. The superior court made a ruling. Comity would counsel this court to accept that state law judgment.

As discussed above, the United States Congress, by not occupying the field, left California free to carve out the plaintiff's cannabis cancer treatment from the general rule prohibiting marijuana possession.

**B. CANNABIS NO LONGER MEETS THE CRITERIA FOR SCHEDULE I DRUGS**

The Controlled Substances Act classifies a large number of drugs into five schedules. Schedule I drugs are defined as those with no currently accepted medical use and a high potential for abuse. The state of scientific knowledge may have supported that opinion of marijuana when the CSA was passed, but the state of our knowledge has changed. Marijuana now has currently accepted medical use. Two cannabinoid drugs (dronabinol and nabilone) are approved by the U.S. Food and Drug Administration (FDA) for the prevention or treatment of nausea and vomiting caused by chemotherapy. Even more exciting is a growing body of evidence that THC kills cancer cells.

The National Institute of Health's National Cancer Institute ("Cancer.gov") has multiple web pages devoted to cannabis being used as medicine. Cannabis and cannabinoids have been studied for relief of pain, nausea and vomiting, anxiety, and loss of appetite caused by cancer or the side effects of cancer therapies. Cancer.gov states:

> One study in mice and rats suggested that cannabinoids may have a protective effect against the development of certain types of tumors.[3] During this 2-year study, groups of mice and rats were given various doses of THC by gavage. A dose-related decrease in the incidence of hepatic adenoma tumors and hepatocellular carcinoma (HCC) was observed in the mice. Decreased incidences of benign tumors (polyps and adenomas) in other organs (mammary gland, uterus, pituitary, testis, and pancreas) were also noted in the rats. In another study, delta-9-THC, delta-8-THC, and cannabinol were found to inhibit the growth of Lewis lung adenocarcinoma cells in vitro and in vivo.[4] In addition, other tumors have been shown to be sensitive to cannabinoid-induced growth inhibition. [5-8]

Cancer.gov also advises: "Although federal law prohibits the use of Cannabis, the map below shows the states and territories that have legalized Cannabis for medical purposes." While the

federal government's DEA, an agency with a monetary stake in the ongoing prohibition, holds the position that cannabis has no accepted medical use, another federal agency, the National Institute of Health, provides information about how cannabis kills cancerous tumor tissue in mice, has not been approved for human studies, but is available in several states. The question is what is accepted medical use? Is the medical value of a drug decided by police or by medical science? In fact, the plaintiff used cannabis to keep his terminal cancer in remission.

**B. THE COUNTY OF TRINITY SHOULD BE LIABLE UNDER MONELL**

Plaintiffs often play a legal variation of the childhood game of pickle when Monell liability is alleged. The municipality will contend that if any injury occurred, it was not the result of county policy. State actors will contend that they enjoy qualified immunity because they were acting within the course and scope of their employment.

Trinity County is ground zero in the political debate over cannabis legalization. California's Proposition 64, legalizing recreational use of cannabis, revealed a nearly even split of the electorate in Trinity County. One could nearly draw a geographical line between the pro-cannabis hippies in the most rural areas of the county and the anti-cannabis population in Weaverville and Trinity Lake. The counties cannabis cultivation ordinance recites findings of a green rush of people coming to Trinity County to grow cannabis. The anti-cannabis camp includes many members of law enforcement and public leaders. Governor Gavin Newsome sent the National Guard to eradicate illegal grows using military equipment and personnel. Against the backdrop of this turmoil, local law enforcement officers and district attorneys in such small towns can decide to make their own viewpoints local policy. In this case, the sheriff's department, by and through the evidence technician, and the prosecutor decided to overpower the judge's ruling.

The prosecutor is the chief law enforcement person in a prosecution. They wield the power and prestige of the State by representing the People of the State of California. The evidence technician and the sheriff's department administer the evidence locker. They take seized evidence and store it. They return it or refuse to return it. Their action was the sine qua non of Trinity County Policy.

**C. THE YOUNGER ABSTENTION DOCTRINE SHOULD NOT BE APPLIED IN THIS CASE**

As explained in Readylink Healthcare, Inc. v. State Comp. Ins. Fund 754 F.3d 754, 758 (9th Cir. 2014):

> In Younger v. Harris, the Supreme Court reaffirmed the long-standing principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings. 401 U.S. at 43–54, 91 S.Ct. 746. The Court, citing comity concerns, later extended the Younger principle to civil enforcement actions "akin to" criminal proceedings, Huffman v. Pursue, Ltd., 420 U.S. 592, 604, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), and to suits challenging "the core of the administration of a State's judicial system," Juidice v. Vail, 430 U.S. 327, 335, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).

Equity refers to a body of rules arising from a need for greater flexibility than the strict common law choses in action could provide. It has been said that equity looks to what grandma would have done. This case raises issues of law that come from the Constitution, statute, and county ordinances. This should not be considered a court sitting in equity.

The instant case does not challenge the "core of the administration" of California's judicial system. The plaintiff was arrested, and he went to court. He accepted the judge's ruling. The defendants had the opportunity to appeal. They did not challenge the validity of the judge's ruling. If anything, this case asks the federal court to support the state's judicial system by giving comity to the existence of a Superior Court Order interpreting state and local law.

Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), found abstention appropriate when (1) there is "an ongoing state judicial proceeding," (2) those "proceedings implicate important state interests," and (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges." Id. at 432, 102 S.Ct. 2515. Using these three criteria, Younger abstention is not warranted.

In this case, the proceeding was no longer ongoing when the judge made her ruling, the defendant paid his fine, and disposition of the property was ordered. Defendants could have created a situation where the proceeding was ongoing by challenging the judge's decision via appeal, but did not. Now that the time to appeal has long passed, Defendants cannot argue that the initial court proceeding was ongoing. No state case is pending. In Cummings v. Harris, 14-cv-02539-BLF, the Federal District Court for the Northern District of California declined to apply Younger abstention because there was co co-pending state action.

Likewise, the Defendants are wrong to claim that the state proceedings implicate important state interests. This was a routine court procedure involving a traffic violation and possession of property that was deemed by the judge to be lawfully possessed. The important interest that was implicated was that of county officials making their own decisions about public policy and making an end run around the proper channels of determining what is lawful.

The third factor also counsels against abstention. Currently, there is no opportunity in the state proceedings to raise constitutional challenges. The case is completed, and no one appealed. The state judge's ruling is a final judgment.

**D. DEPUTY DISTRICT ATTORNEY MURRAY IS NOT ENTITLED TO QUALIFIED IMMUNITY FROM SECTION 1983 LIABILITY**

Qualified immunity applies where there is "clearly established law." In this case, Defendant Murray argued to the judge that the marijuana should not be returned. The judge ruled against her. She did not appeal the decision. The law should be considered clearly established when the judge issues her ruling about the interpretation of that law.

**E. THE CLAIM AGAINST DEPUTY DISTRICT ATTORNEY MURRAY IS NOT PRECLUDED BY ABSOLUTE PROSECUTORIAL IMMUNITY**

Prosecutors are entitled to absolute immunity from § 1983 claims for claims arising out of prosecutorial activities. However, once the judge issues the final ruling, the prosecution is over. Attempting to subvert the final ruling of a judge based upon a disagreement with that ruling is not "intimately associated with the judicial phase of the criminal process."

**IV. CONCLUSION**

Plaintiff requests that this court deny the defendant's motion to dismiss the claims in first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Plaintiff requests leave to amend the complaint to state a claim for denial of equal protection. Whether Mr. Evans was singled out as a class of one or whether anyone associated with cannabis is treated differently by the defendants, the sheriff's office and district attorney's office respect the rulings of the Trinity County superior court for everyone else.

Respectfully submitted,

/s/Samuel C. Williams
The Law Offices of Berg & Associates, Inc.
Samuel C. Williams, of counsel
Attorney for Plaintiff, Ronald Evans