UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVANS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF TRINITY, a municipal corporation; COLLEEN MURRAY; and DOES 1-10,<br><br>  Defendants. | No. 2:18-cv-00083-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants County of Trinity ("County") and Colleen Murray's ("Murray") (collectively, "Defendants") Motion to Dismiss. (ECF No. 26.) Plaintiff Ronald Evans ("Plaintiff") opposed the motion. (ECF No. 27.) Defendants replied. (ECF No. 29.) For the reasons discussed herein, the Court GRANTS Defendants' Motion to Dismiss.

///
///
///
///
///
///
///

1

**I.   FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff was arrested after ten pounds of medical marijuana was found in his vehicle and confiscated. (ECF No. 22 at 2.) Plaintiff pleaded guilty to a vehicle code violation in Trinity County Superior Court. (*Id.* at 2.) On January 24, 2017, the state court found that Plaintiff lawfully possessed the marijuana under California law and ordered the return of Plaintiff's marijuana. (*Id.* at 2.) Plaintiff subsequently presented the court order to a County evidence technician, who told Plaintiff that the marijuana would not be returned to him. (*Id.* at 6.) Murray, the Deputy District Attorney assigned to the case, also told Plaintiff that his marijuana would not be returned. (*Id.*)

On January 15, 2018, Plaintiff initiated this action against Defendants, asserting two causes of action pursuant to 42 U.S.C. § 1983 ("§ 1983"): (1) claims against the individual Defendants for depriving Plaintiff of his property without due process of law in violation of the Fourteenth Amendment, taking his property without compensation in violation of the Fifth Amendment, and unreasonably seizing his property in violation of the Fourth Amendment;[2] and (2) a *Monell* claim against the County based on the underlying constitutional violations. (ECF No. 1 at 6–7.)

On March 16, 2018, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 6.) On August 6, 2019, the Court dismissed the Complaint with leave to amend. (ECF No. 21.)

On September 4, 2019, Plaintiff filed the operative First Amended Complaint ("FAC"). (ECF No. 22.) On October 16, 2019, Defendants filed the instant Motion to Dismiss the FAC in its entirety pursuant to Rule 12(b)(6). (ECF No. 26.)

///

///

---

[1] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's First Amended Complaint. (ECF No. 22.)

[2] Plaintiff combined all the underlying constitutional violations into one cause of action in his Complaint.

2

## II. STANDARD OF LAW

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

///

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff fails to "nudge[ ] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

#### A. Fifth and Fourteenth Amendment Claims

In his FAC, Plaintiff asserts § 1983 claims against the individual Defendants for violating the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth

1  Amendment.³  (ECF No. 22 at 9.)  Defendants move to dismiss both claims on the basis that
2  Plaintiff has not identified a federally protected property interest.⁴  (*See* ECF. 26 at 5.)
3  Specifically, Defendants argue Plaintiff has "no cognizable federal property interest in marijuana
4  *for any purpose*."  (*Id.*)  In opposition, Plaintiff contends that federal law does not preempt state
5  law in the field of marijuana regulation and that California state law protects Plaintiff's
6  possession of marijuana.  (*See* ECF No. 27 at 2–4.)  The Court addresses the Fifth Amendment
7  claim first, then turns to the Fourteenth Amendment claim.

                    *i.*        *Fifth Amendment Claim*

       The Takings Clause of the Fifth Amendment prohibits the government from taking "private property . . . for public use, without just compensation."  U.S. Const. amend. V.  To assert a claim under the Takings Clause, "a plaintiff must first demonstrate that he possesses a 'property interest' that is constitutionally protected."  *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1198 (9th Cir. 1998).  State law, as well as federal law, can create a property interest. *See id.* at 1200–01.  However, although "state law creates a property interest, not all state-created rights rise to the level of a constitutionally protected interest."  *Brady v. Gebbie*, 859 F.2d 1543, 1548 n.3 (9th Cir. 1988).

       Plaintiff asserts Defendants violated the Fifth Amendment by taking Plaintiff's marijuana without compensation.  (ECF No. 22 at 9.)  Plaintiff argues that California state law protects his possession of marijuana.  (ECF No. 27 at 3–4.)  However, even construing all reasonable inferences in Plaintiff's favor, Plaintiff fails to articulate how his state-defined right to possess marijuana "rise[s] to the level of a constitutionally protected interest."  Indeed, despite Plaintiff's

---

³     In the Complaint, Plaintiff explicitly brought a Fourth Amendment claim under § 1983. (ECF No. 1 at 6.)  This claim was dismissed with leave to amend.  (ECF No. 21.)  In the FAC, Plaintiff does not explicitly reassert his Fourth Amendment claim.  (See ECF No. 22.)  Plaintiff only vaguely asserts that his right "[t]o be free from unreasonable seizures" was violated and provides no factual allegations to support this conclusion.  (*Id.* at 8–9.)  It also bears mentioning that neither party addresses a Fourth Amendment claim in their briefing on the instant motion. Therefore, it appears Plaintiff has withdrawn his Fourth Amendment claim.

⁴     Defendants raise several other grounds for dismissal.  However, because the Court finds that Plaintiff fails to state a claim for any of the alleged constitutional violations, the Court need not and does not address Defendants' alternative arguments.

argument that marijuana no longer deserves Schedule I drug categorization (ECF No. 27 at 4–5), marijuana remains illegal under federal law. *See* 21 C.F.R. § 1308.11(d)(23); *see also Gonzales v. Raich*, 545 U.S. 1, 14–15 (2005). Additionally, courts within this district have clarified that marijuana is contraband *per se* under federal law and thus no person can have a cognizable federal legal interest in it. *See, e.g.*, *Barrios v. Cty. of Tulare*, No. 1:13-CV-1665 AWI GSA, 2014 WL 2174746, at *5 (E.D. Cal. May 23, 2014); *Schmidt v. Cty. of Nevada*, No. 2:10-CV-3022 FCD/EFB, 2011 WL 2967786, at *5 (E.D. Cal. July 19, 2011) ("Thus, under federal law, marijuana is contraband per se, which means no person can have a cognizable legal interest in it."); *see also Cook v. City of California*, No. 1:16-CV-00429-DAD-JLT, 2016 WL 8730712, at *5–6 (E.D. Cal. December 9, 2016) ("Plaintiff has failed to allege a cognizable property interest in any medical marijuana plants and therefore has not stated a cognizable Takings Clause claim.").

Accordingly, Plaintiff cannot bring a Fifth Amendment claim regarding the alleged taking of his marijuana without compensation. Because there is no cognizable federal property interest in marijuana, it is not possible for Plaintiff to cure this deficiency through amendment. Therefore, the Court DISMISSES Plaintiff's Fifth Amendment claim without leave to amend.

*ii.   Fourteenth Amendment Claim*

Under the Fourteenth Amendment, "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of laws." U.S. Const. amend. XIV. To establish a procedural or substantive due process claim,[5] a plaintiff must first show "a liberty or property interest protected by the Constitution." *Wedges/Ledges of California, Inc. v. City of Phoenix.*, 24 F.3d 56, 62 (9th Cir. 1994) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972)); *Kraft v. Jacka*, 872 F.2d 862, 866 (9th Cir. 1989)). Although state law creates property interests, *see Little v. Gore*, 148 F. Supp. 3d 936, 955 (S.D. Cal. 2015) (quoting *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1057 (9th Cir. 2012), "federal constitutional law determines whether that interest rises to the level

---

[5]   Plaintiff does not specify whether his claim is for procedural or substantive due process. (*See* ECF No. 22.) However, for the reasons stated above, such a distinction is not necessary to resolve this issue.

1   of a legitimate claim of entitlement protected by the Due Process Clause." *Id.* (quoting *Memphis*
2   *Light Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978); *Samson*, 683 F.3d at 1057; *Lawson v.*
3   *Umatilla County*, 139 F.3d 690, 692 (9th Cir. 1998)).

4   Plaintiff's Fourteenth Amendment claim fails for the same reason as his Fifth Amendment
5   claim because Plaintiff fails to establish that "federal constitutional law" elevates his property
6   interest in marijuana "to the level of a legitimate claim of entitlement protected by the Due
7   Process Clause." *Id.* In *Barrios v. County of Tulare*, for example, a court in this district found
8   that "[a]lthough California may provide [plaintiff] with the right to possess medical marijuana,
9   federal law does not. Because marijuana is contraband under federal law, [plaintiff] had no
10  property interest in the marijuana that was protected by the Fourteenth Amendment due process
11  clause." 2014 WL 2174746 at *5 (citations omitted). Furthermore, in *Little v. Gore*, a court
12  within the Southern District of California determined that "[w]ith respect to medical marijuana,
13  although California state law may create a property interest in the marijuana, California district
14  courts have found there is no property interest for purposes of the Fourteenth Amendment." 148
15  F. Supp. 3d at 955 (citing *Barrios*, 2014 WL 2174746 at *4; *Staffin v. Cty. of Shasta*, No. 13:CV-
16  03315 JAM-CMK, 2013 WL 1896812, at *4–5 (E.D. Cal. May 6, 2013); *Schmidt*, 2011 WL
17  2967786, at *5–6).

18  Accordingly, Plaintiff cannot bring a Fourteenth Amendment Due Process claim. Because
19  there is no cognizable federal property interest in marijuana, it is not possible for Plaintiff to cure
20  this deficiency through amendment. In the concluding remarks of his opposition, Plaintiff asks
21  for leave to amend to add an Equal Protection claim. (*See* ECF No. 27 at 8.) Despite having
22  ample opportunity to raise an Equal Protection claim in the Complaint and FAC, Plaintiff waited
23  until the very end of his opposition to mention such a claim. Plaintiff fails to explain his delay. If
24  such a delay were not reason enough to deny leave to amend, the Court also notes that Plaintiff
25  has no cognizable property interest in marijuana and thus has no standing to bring an Equal
26  Protection claim. *See Schmidt*, 2011 WL 2967786 at *5–6 (dismissing a plaintiff's Equal
27  Protection claim "because plaintiff had no property interest in the contraband, he suffered no
28  injury as a result of any alleged destruction of the marijuana"); *see also Barnum Timber Co. v.*

7

*U.S. EPA*, 633 F.3d 894, 897–98 (9th Cir. 2011) (stating that without harm to a legally protected interest there is no injury-in-fact); *Qwest Corp. v. City of Surprise*, 434 F.3d 1176, 1180 (9th Cir. 2006) (finding that a plaintiff cannot sue in federal court when there is no injury-in-fact).  In other words, granting Plaintiff leave to amend his Fourteenth Amendment claim — whether as a Due Process claim or Equal Protection claim — would be futile.

Therefore, the Court DISMISSES Plaintiff's Fourteenth Amendment claim without leave to amend.

   B. *Monell* Liability

Plaintiff also asserts a *Monell* claim against the County.  (ECF No. 22 at 8–9.)  To bring a *Monell* claim against a municipality, a plaintiff must establish "the local government had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation [he] suffered."  *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007).

Here, Plaintiff has failed to establish any underlying constitutional violations.  "[A] municipality . . . [cannot] be held liable under § 1983 where no injury or constitutional violation has occurred."  *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).  Plaintiff's opposition fails to address this fundamental deficiency.  Accordingly, Plaintiff's *Monell* claim is DISMISSED without leave to amend.

**IV. CONCLUSION**

Based on the foregoing, the Court hereby GRANTS Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 26.) without leave to amend.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:  February 9, 2021

                 Troy L. Nunley
                 United States District Judge